**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANTHONY C. LAWRENCE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LLOYD W. MEZICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1112-CR-1170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-0907-FD-238, 48D04-1003-FD-72, and 48D04-1003-FC-73

**August 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Lloyd M. Mezick appeals his sentences for nonsupport of a dependent child,[1] a Class C felony; possession of a controlled substance,[2] a Class D felony; intimidation,[3] a Class D felony; resisting law enforcement,[4] a Class A misdemeanor; battery on a police officer,[5] a Class A misdemeanor; and two counts of public intoxication,[6] Class B misdemeanors, claiming that his aggregate sentence of twelve years with six years executed at the Indiana Department of Correction, four years executed at the Madison County Work Release Center, and two years suspended to probation was inappropriate in light of the nature of his offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mezick entered into a plea agreement by which he pleaded guilty to each of the above counts and was referred to the Madison County Mental Health Court Program. In the event that he successfully completed the terms and conditions of the program, all of the charges would be dismissed. Mezick did not successfully complete the program. He failed to appear for drug screens, missed treatment appointments, and was discharged from treatment.

---

[1] *See* Ind. Code § 35-46-1-5.

[2] *See* Ind. Code § 35-48-4-7.

[3] *See* Ind. Code § 35-45-2-1.

[4] *See* Ind. Code § 35-44-3-3 (repealed by P.L. 125-2012, §53 effective July 1, 2012 and recodified at Ind. Code § 35-44.1-3-1 by P.L. 126-2012, §54 effective July 1, 2012).

[5] *See* Ind. Code § 35-42-2-1.

[6] *See* Ind. Code § 7.1-5-1-3.

In sentencing Mezick, the trial court noted that his criminal history consisting of seven felony convictions, thirteen public intoxication convictions, five drunk driving convictions, and ten probation violations, and his failure to complete the drug program were aggravating factors; that Mezick's mental health was a mitigating circumstance; and that the aggravators outweighed the mitigators.

## DISCUSSION AND DECISION

Indiana Appellate Rule 7(B) authorizes appellate courts to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the appellant to persuade this court that the sentence is inappropriate. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007).

Here, assuming without deciding that the nature of Mezick's offenses is unremarkable, Mezick has failed to satisfy his burden regarding his character. Mezick's criminal history is extensive. As shown by the above criminal history, repeated opportunities for reformation were unavailing including the opportunity to participate in the Drug Treatment Court program in this case. While Mezick's mental illness was a significant factor, Mezick's failure to take advantage of repeated treatment opportunities mitigates against such factor.

Affirmed.

NAJAM, J., and MAY, J., concur.